*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER TOWNSHIP OF YORK,

Plaintiff/Counter-Defendant-
Appellant,

v

DONALD MILLER, KATHERINE NULL, and
DAVID MILLER,

Defendants/Counter-Plaintiffs-
Appellees.

FOR PUBLICATION
January 28, 2021
9:15 a.m.

No. 335344
Washtenaw Circuit Court
LC No. 15-000847-CZ

ON REMAND

Before: SAWYER, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

In a published opinion, this Court affirmed a May 16, 2016 judgment in which the circuit court declared that plaintiff's zoning ordinance, to the extent that it prohibited the outdoor growth of medical marijuana in all zoning districts, conflicted with the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, and was unenforceable. *York Charter Twp v Miller*, 322 Mich App 648; 915 NW2d 373 (2018). The Supreme Court has vacated this Court's judgment and remanded for reconsideration in light of *DeRuiter v Byron Twp*, 505 Mich 130; 949 NW2d 91 (2020). *York Charter Twp v Miller*, ___ Mich ___; 948 NW2d 555 (2020). After reconsideration, we conclude that, under the Supreme Court's decision in *DeRuiter*, the zoning ordinance at issue does not directly conflict with the MMMA.

In *DeRuiter*, 505 Mich at 134-136, 136 n 5, the Supreme Court addressed whether a "locational restriction," a phrase which it used "to denote a zoning restriction that regulates where an activity may occur within a municipality," directly conflicted with the MMMA. The defendant township's zoning ordinance allowed for the cultivation of medical marijuana by primary caregivers but only as "a home occupation." *Id.* at 135-136. Under the home-occupation requirement, the ordinance mandated that "the 'medical use' of marijuana by a primary caregiver be 'conducted entirely within a dwelling or attached garage[.]' " *Id.* at 136 (citation omitted). The

plaintiff, a licensed qualifying patient and a registered primary caregiver, began growing marijuana on rented commercially zoned property because she did not want to grow marijuana at her residence. *Id.* at 135. At the rented commercially zoned property, she grew the marijuana in "an 'enclosed, locked facility.' " *Id.* After learning about the plaintiff's operation, the defendant township's supervisor determined that the operation violated the defendant township's zoning ordinance. *Id.* The defendant township sent the plaintiff's landlord a letter, directing the landlord to cease and desist the plaintiff's cultivation of marijuana and to remove all marijuana and related equipment or be subject to enforcement action. *Id.* at 137. The plaintiff filed a complaint and sought a declaratory judgment that the zoning ordinance was preempted by the MMMA and, therefore, unenforceable. *Id.* The defendant township filed a counterclaim, requesting a declaratory judgment and abatement of the alleged nuisance. *Id.*

The Supreme Court held that the MMMA does not nullify a local unit of government's authority to regulate land use under the MZEA so long as the unit of government does not prohibit or penalize all medical marijuana cultivation and so long as the unit of government "does not impose regulations that are 'unreasonable and inconsistent with regulations established by state law.' " *Id.* at 147-148 (citation omitted).

The plaintiff in *DeRuiter* argued that the defendant township's ordinance directly conflicted with the MMMA because the MMMA "protects a registered caregiver from 'penalty in any manner' for 'assisting a qualifying patient . . . with the medical use of marihuana' so long as the caregiver abides by the MMMA's volume limitations and restricts the cultivation to an 'enclosed, locked facility.' " *Id.* at 142-143. The Supreme Court disagreed with the argument:

> Were we to accept [the plaintiff's] argument, the only allowable restriction on where medical marijuana could be cultivated would be an "enclosed, locked facility" as that term is defined by the MMMA. MCL 333.26423(d). Because the MMMA does not otherwise limit cultivation, the argument goes, any other limitation or restriction on cultivation imposed by a local unit of government would be in conflict with the state law. We disagree. The "enclosed, locked facility" requirement in the MMMA concerns what type of structure marijuana plants must be kept and grown in for a patient or caregiver to be entitled to the protections offered by MCL 333.26424(a) and (b); the requirement does not speak to *where* marijuana may be grown. In other words, because an enclosed, locked facility could be found in various locations on various types of property, regardless of zoning, this requirement is not in conflict with a local regulation that limits *where* medical marijuana must be cultivated. [*Id.* at 143-144; emphasis in original.]

According to the Supreme Court, a local ordinance is preempted when it bans an activity that is authorized and regulated by state law. *Id.* at 144. But this does not mean that a local unit of government "cannot 'add to the conditions' in the MMMA." *Id.* at 145 (citation omitted). Rather, the Court said that "an ordinance is not conflict preempted as long as its additional requirements do not contradict the requirements set forth in the statute." *Id.* at 147.

In *DeRuiter*, 505 Mich at 147-148, the Supreme Court indicated that a zoning ordinance can directly conflict with the MMMA in two ways. An ordinance directly conflicts with the MMMA if it prohibits or penalizes all medical marijuana cultivation. *Id.* The zoning ordinance

-2-

in this case does not prohibit or penalize all medical marijuana cultivation. It allows primary caregivers to cultivate medical marijuana but places limitations on where a caregiver may cultivate the marijuana (i.e., in "the main building" of "a single-family detached dwelling"). See *DeRuiter,* 505 Mich at 142. Because the zoning ordinance does not prohibit or penalize all medical marijuana cultivation, the "immunity language" in the MMMA, MCL 333.26424(a) and (b), cannot serve as the source of any conflict. See *DeRuiter*, 505 Mich at 145.

The second manner in which an ordinance can directly conflict with the MMMA is when it imposes regulations that are unreasonable and inconsistent with regulations established by state law. *Id.* at 148. The zoning ordinance here is very similar to the defendant township's ordinance in *DeRuiter*. Both ordinances allow for the cultivation of medical marijuana by primary caregivers as a "home occupation" and require that the caregiver cultivate the marijuana inside a residence.[1] Given the similarity of the two ordinances, because the Supreme Court concluded in *DeRuiter* that the defendant township's ordinance did not directly conflict with the MMMA, we conclude that there is no direct conflict between the Zoning Ordinance and the MMMA.

For these reasons, we conclude that the zoning ordinance at issue here does not directly conflict with the MMMA. The ordinance does not prohibit or penalize all cultivation of medical marijuana, and it does not impose regulations that are unreasonable and inconsistent with the regulations established by the MMMA. *DeRuiter*, 505 Mich at 147-148. Accordingly, we reverse the declaration in the May 16, 2016 judgment that the zoning ordinance, to the extent that it prohibits the outdoor cultivation of medical marijuana, is unenforceable because it conflicts with the MMMA.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

/s/ David H. Sawyer
/s/ Jane M. Beckering
/s/ Michael J. Kelly

---

[1] The zoning ordinance requires that the cultivation occur in "the main building" of "a single-family detached dwelling," while the ordinance in *DeRuiter* required that the cultivation occur in "a dwelling or attached garage."